

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 18, 1957

Hon. S. Perry Brown                    Opinion No. WW-64
Chairman & Executive Director
Texas Employment Commission   Re:  Whether or not the statutory
Austin, Texas                              language of Article 5221b-8(c) ,
                                                   Vernon's Civil Statutes, is broad
                                                   enough to authorize a member of
                                                   the faculty of a State institution
                                                   of higher learning to serve on
                                                   the Advisory Council of the Texas
Dear Mr..Brown: ·                       Employment Commission.

      You request the opinion of this office upon the question
presented in your letter of February 20, 1957, which is as follows:

      "'Employment Service and Advisory Council:
The Commission is authorized to operate a public
employment service but it is not necessary that
same be operated as a separate division of the
Commission. The Commission is also authorized
to appoint a State Advisory Council composed of
persons representing employers, employees and the
public. Advisory Council members shall be allowed
and paid, as a part of the cost of administering this
Act and in accordance with regulations of the Com-
mission, necessary travel and subsistence expenses,
in addition to a per diem allowance, in connection
with meetings of the Council; but they shall for no
purpose be regarded as State employees. The
Commission shall fix the composition and establish
the duties of the State Advisory Council and may
take such action as it deems necessary or suitable
to this end. The Commission may likewise appoint
and pay local advisory councils and consultants
under the same conditions prescribed herein for the
State Advisory Council.' (Art. 5221b-8(c), V.C.S.)

      "In view of the policy reflected by the statutes
dealing with the State Youth Development Council
(Art. 5143c-4, V.C.S.) and the State Board of Trustees
of the Retirement System for State Employees (Art.
6228a-6 A, V.C.S.), your opinion is requested as to
whether the statutory language quoted is broad enough
to authorize a member of the faculty of a State insti-
tution of higher learning to serve on the Advisory

Council of the Texas Employment Commission.

"If he is legally permitted so to serve, may he be reimbursed for his necessary travel and subsistence expenses, if he is paid no per diem allowance in addition?"

Your request presents at once the fundamental question of whether or not the occupancy of the position of a faculty member of a State institution of higher learning and of membership in the State Advisory Council, provided for in Article 5221b-8(c), Vernon's Civil Statutes, is in anywise in violation of Section 33 or 40 of Article XVI of the Constitution or otherwise illegal because of incompatibility of the two positions.

Section 40 of Article XVI of the Constitution forbids any person to hold or exercise at the same time more than one "civil office of emolument" with certain exceptions with which we are not here concerned.

The position of a faculty member of a State institution of higher learning is not a civil office. Such a faculty member is an employee of the State but not a civil officer, even though his position is one of emolument.

Section 33 of Article XVI of the Constitution is more restrictive than Section 40 of Article XVI of the Constitution and Section 33 is the one with which we are here more directly concerned. It provides as follows:

"The Accounting Officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit, under this State or the United States, except as prescribed in this Constitution. ..."

This section extends the disqualification of a person beyond the mere exercise of a civil office of emolument. It includes the holding of any other "position of honor, trust or profit" under this State or the United States, except as prescribed in the Constitution.

The question recurs then whether or not the position of a faculty member of a State-supported institution of higher learning is a "position of honor, trust or profit" under this State. Such a faculty member does hold a "position of honor, trust or profit", and furthermore such a faculty member holds such a position "under this State". This is not altered by the fact that the employment is not directly by the State but through Boards of Regents or Directors who have

control over such institutions. Such institutions are nonetheless agencies of the State.

We also hold that a member of the Advisory Council of the Texas Employment Commission likewise holds a position of "honor, trust or profit" under this State.

It is therefore the opinion of this office that Section 33 of Article XVI of the Constitution forbids a member of the faculty of a State institution of higher learning from receiving any compensation whatsoever from State funds, whether it be classified as per diem or straight salary or travel and subsistence expense or allowance for services rendered as a member of the advisory Council of the Texas Employment Commission. Even though only travel and subsistence expense or allowance be paid to the Advisory Council member, it is still a form of compensation for the services rendered, paid by the Comptroller's warrant upon the State Treasury.

Out of precaution, we should also advise you that the converse of the statement made in the preceding paragraph would be applicable to the salary paid to the faculty member of a State institution of higher learning. In brief, he would disqualify himself if he should accept the position as a member of the Advisory Council of the Texas Employment Commission from also receiving his salary from the State institution of higher learning.

We have not overlooked the provision in this Act to the effect "but they shall for no purpose be regarded as State employees". This legislative declaration cannot be given effect to classify the members of the State Advisory Council as non-State employees when the actual facts are to the contrary.

Neither have we overlooked your reference to other statutes dealing with the Youth Development Council and the State Board of Trustees of the Retirement System of State employees. The Constitution does not forbid the Legislature from adding ex officio duties to officers of the State, constitutional or statutory, for which they receive no additional compensation. Their official status is in no manner changed by the addition of such ex officio duties.

We believe the foregoing answers the specific question which you ask, but in support of our opinion reference is made to an opinion by the First Assistant Attorney General Cureton, later Chief Justice of the Supreme Court, in which he held:

"It is very clear, therefore, that Mr. Mayes, so long as he is Lieutenant-Governor, could not under the Constitution draw pay from the State, as (1) agent, (2) officer, (3) appointee of the State.

"As we have above endeavored to show that a professor in the University of Texas is an appointee, or in a limited sense an agent, therefore, Mr. Mayes could not draw a salary from the State as Professor of Journalism in the University.

"The converse of the above proposition is also true, and, therefore, Mr. Mayes, so long as he was the agent or appointee of the State as a Professor of Journalism in the University, could not draw his pay as Lieutenant-Governor of the State, that being an office within the meaning of the Constitution.

"Therefore, should Mr. Mayes accept the position of Professor of Journalism in the University and at the same time hold and exercise the duties of the office of Lieutenant-Governor, he could not draw pay for either such office or such position." (Opinions, Book 30, p. 394)

## SUMMARY

A faculty member of a State educational institution of higher learning is a State employee holding a position of honor, trust or profit under this State and a member of the Advisory Council of the Texas Employment Commission is also holding a position of honor, trust or profit under this State. The same person may not, consistent with Section 33 of Article XVI of the Constitution, hold both positions at the same time and receive compensation from State funds for either.

Yours very truly,

WILL WILSON
Attorney General

By

L. P. Lollar
Assistant

LPL:cs

APPROVED:

OPINION COMMITTEE
H. Grady Chandler, Chairman